IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DOES 1 -10,<br><br>    Defendants. | 1:07-cv-00498- OWW - NEW (WMW)<br><br>ORDER DENYING REQUEST FOR SPECIAL NOTICE FILED BY BARRY AND CATHY MERCHANT<br>[Doc. 9]<br><br>ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR JUDICIAL NOTICE<br>[Doc. 10] |

On April 3, 2007, Plaintiffs filed an ex parte application for leave to take expedited discovery in this action. On April 25, 2007, Barry and Cathy Merchant filed a Request for Special Notice by Real Parties in Interest Barry Merchant and Cathy Merchant ("the Merchants") (Doc. 9) and a Request for Compulsory Judicial Notice In Support of Request for Special Notice (Doc. 10). Attorney Merl Ledford, III, also filed a supporting declaration. On May 18, 2007, Plaintiffs filed a Response to Request for Special Notice Filed by Barry and Cathy Merchant.

In their Request for Special Notice, the Merchants request two forms of relief. First, the Merchants request to be served with "Special Notice" of all papers, pleadings, records, motions, dismissals and all other proceedings in this action. Second, the Merchants request to be afforded "reasonable notice and opportunity" to be heard prior to the issuance of any order, judgment or dismissal of this action.

In their papers, the Merchants refer to themselves as "Real Parties in Interest." They state that they request special notice pursuant to Rule 19(a), Federal Rules of Civil Procedure, on the following grounds: (1) Plaintiffs failed to join the Merchants as known, indispensable parties to the litigation in violation of Rule 19(a); (2) Plaintiffs are collaterally estopped and in contempt of a valid, present, existing, order entered on November 17, 2004, in the United States District Court for the Western District of Texas, Austin Division; and (3) Plaintiffs failed to comply with Local Rule 6-144(e) in presenting their ex parte application for an order shortening time to take discovery.

In their Request for Compulsory Judicial Notice, the Merchants request that the court take judicial notice of two facts. First, the Merchants request that the court take judicial notice of the fact that Plaintiffs filed a prior action against them in the Sacramento Division of the Eastern District entitled Sony BMG, et al. v. Merchant, 2:07-CV-340 -DFL-DAD, which was voluntarily dismissed without prejudice on March 27, 2007. Second, the Merchants request judicial notice that Plaintiffs are collaterally estopped from suing multiple "Doe" defendants by General Order entered on November 17, 2004, in the United States District Court for the Western District of Texas, Austin Division, and docketed against Plaintiffs in cases 04-CV-00636-SS, 04-CV—550-LY, -4-CV-00703-LY, and 04-CV-00704-LY.

The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial

notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); <u>see also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th Cir. 1980).

The court HEREBY TAKES JUDICIAL NOTICE of the existence <u>Sony BMG, et al. v. Merchant</u>, 2:07-CV-340 -DFL-DAD, and the voluntary dismissal of the case on March 27, 2007.  The court further TAKES JUDICIAL NOTICE of the existence of the General Order entered on November 17, 2004, in the United States District Court for the Western District of Texas, Austin Division, and docketed against Plaintiffs in cases 04-CV-00636-SS, 04-CV—550-LY, -4-CV-00703-LY, and 04-CV-00704-LY.  The court does not reach the issue of the collateral estoppel effect of that order in the present case.

In their Response to the Request for Special Notice, Plaintiffs argue that the Request should be stricken because special notice is not recognized under the Federal Rules of Civil Procedure, the Merchants are not real parties in interest, and they do not meet the requirements for compulsory joinder.

As an initial matter, the court finds that Plaintiffs are correct in asserting that the Merchants are not real parties in interest in this case.  Rule 17(a), Federal Rules of Civil Procedure, provides that, "[e]very action shall be prosecuted in the name of the real party in interest."  "That Rule, as its text displays, speaks to the joinder of *plaintiffs*, not defendants." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 90 (2005). Rule 17(a) thus "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." <u>U-Haul Int'l, Inc. v. Jartran, Inc.</u>, 793 F.2d 1034, 1038 (9th Cir. 1986).  The present case is being prosecuted by Plaintiffs, who claim to hold the copyrights to the sound recordings at issue.  The Merchants make no allegation that they have any desire to or interest in prosecuting this action.  Accordingly, the Merchants are not real parties in interest in this action.

The court further finds meritless the Merchants' claim that they are indispensable parties, who must be joined in the action pursuant to Rule 19(a). Rule 19 provides in part as follows:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Notwithstanding the dismissal of Plaintiffs' earlier action against the Merchants, 2:07-CV-00340-DFL-DAD, the Merchants have provided nothing indicating that they fall within either subsection 1 or subsection 2 above. The Merchants do not claim that without their joinder, complete relief cannot be afforded the parties in this action, nor do they claim an interest relating to the copyrights which are the subject matter of this action.

The court finds that because the Merchants are neither real parties in interest nor indispensable parties to this action, the Merchants have failed to demonstrate that, as non-parties, they have standing to challenge the Plaintiffs' alleged failure to comply with Local Rule 6-144(e) in presenting their ex parte application for order shortening time to take discovery, or Plaintiffs' ability to proceed with this action against multiple Doe Defendants despite the existence of the order from the District Court of the Western District of Texas, Austin Division. The court therefore declines to reach those issues.

Accordingly, having found no grounds to support the request, the Merchant's request for special notice is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   May 29, 2007                         /s/ William M. Wunderlich
                                              UNITED STATES MAGISTRATE JUDGE